## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| KERN WALDEN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br><br>EYM GROUP, INC.; EYM PIZZA OF WISCONSIN, LLC; EYM REALTY OF WISCONSIN, LLC; and DOES 1 to 20,<br><br>        Defendants. | Case No. 2:21-cv-01116-WED<br><br>**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>*[Filed Concurrently with Declaration of Alison M. Bernal]* |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

## CERTIFICATION OF THE GOOD FAITH ATTEMPTED
## CONFERENCE REQUIRED UNDER FED. R. CIV. P. 37

Pursuant to the rules of this Court and the Federal Rules of Civil Procedure, Plaintiff hereby submits this certification that he has attempted to confer with Defendants after they failed to respond to any of Plaintiff's discovery requests and failed to make their initial disclosures. Plaintiff has attached a letter dated August 12, 2022, sent by attorney Alison M. Bernal of Nye, Stirling, Hale, Miller & Sweet, LLP, to attorney Lisa H. Ackerman of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, requesting a meet and confer to attempt to resolve the issues. *See Exhibit D* to Decl. of Bernal ¶ 4. Unfortunately, Defendants have not responded to this request. *Id*. at ¶ 5. Thus, Plaintiff moves the Court to compel the discovery responses pursuant to Fed. R. Civ. P. 37.

Dated: September 7, 2022

*/s/ Ben. J. Slatky*
Ben J. Slatky
**ADEMI LLP**
3620 E. Layton Avenue
Cudahy, WI 53110
Phone: (414) 482-8000
bslatky@ademilaw.com

Alison M. Bernal
Jordan T. Porter
**NYE STIRLING HALE MILLER & SWEET LLP**
33 West Mission Street, Suite 201
Santa Barbara, California  93101
Phone: (805) 963-2345
alison@nshmlaw.com
jordan@nshmlaw.com

Benjamin J. Sweet
**NYE STIRLING HALE MILLER & SWEET LLP**
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
ben@nshmlaw.com

*Attorneys for Plaintiff and the Class*

## I.     INTRODUCTION

This case involves systemic discrimination against wheelchair users at one hundred and fifty-five (155) Pizza Hut locations in the states of Illinois, Indiana, Georgia, South Carolina, and Wisconsin. Plaintiff visited Defendants' facilities located at 124 N. Chicago Avenue, South Milwaukee, Wisconsin, on August 19, 2021, where he experienced excessive sloping conditions in purportedly accessible parking spaces, access aisles, and curb ramps. Plaintiff, through his counsel, further investigated ten (10) of Defendants' facilities and found excessive sloping conditions. Plaintiff asserts that these excessive sloping conditions persist, in part, as a result of Defendants' existing but inadequate internal maintenance procedure, which fails to ensure compliance with the sloping requirements of the ADA's implementing regulations.

On March 7, 2022, Plaintiff propounded: (1) Plaintiff's First Set of Interrogatories; (2) Plaintiff's First Set of Requests for Admission; and (3) Plaintiff's First Set of Requests for Production. *See Exhibits A, B, and C* to Decl. of Bernal. On August 12, 2022, Plaintiff sent the letter attached as *Exhibit D* to Decl. of Bernal, attempting to meet and confer in good faith, and to eliminate the need for a discovery motion. Unfortunately, Defendants did not reply to the letter, or make any attempt to contact Plaintiff. To date—179 days after discovery was propounded— Defendants have not produced any responses, necessitating this motion. Further, Defendants have not served their initial disclosures, which were due by April 11, 2022.

## II.     STANDARD

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K*

3

*Machines, Inc.*, 168 F.R.D. 233, 235 (E.D.Wis.1996) (citation omitted). Before bringing a motion under Fed. R. Civ. P. 37 the party seeking such discovery must complete several steps before court intervention. *See Redmond v. Leatherwood*, 06-C-1242, 2009 WL 212974, at *1 (E.D. Wis. Jan. 29, 2009) (explaining that the parties must attempt to confer in good faith before bringing a motion.) In ruling on a discovery motion, courts consider "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir.2002).

## III.    ARGUMENT

### A.    Plaintiff Has the Right to Discovery Responses Under Fed. R. Civ. P. 26, 33, and 34.

It is axiomatic that Defendants must respond to Plaintiff's discovery requests. The Federal Rules of Civil Procedure expressly permit discovery within Fed. R. Civ. P. 26, 33, and 34. "The party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34. As such, Plaintiff brings this motion pursuant to Fed. R. Civ. P. 37 requesting Defendants respond to its propounded discovery.

On March 7, 2022, Plaintiff propounded discovery. The parties had engaged in preliminary settlement talks with multiple conversations between Benjamin Sweet on behalf of Plaintiff and Christina Katt on behalf of Defendants. On March 18, 2022, Defendants moved to stay the case to "allow EYM to address the 10 properties and associated alleged ADA violations." Dkt. 17. Plaintiff opposed the stay for five reasons: (1) a stay would unduly prejudice Plaintiff as the plans failed to redress all of Plaintiff's claims by only addressing accessibility barriers at ten (10) of Defendants' one hundred and fifty-five (155) restaurants; (2) Defendants failed to provide any details regarding the scope of the purported remediation; (3) Plaintiff had already propounded

4

significant written discovery; (4) Defendants' purported remediation would only partially address Plaintiff's claims and therefore would not serve the interest of judicial economy, and (5) a stay would complicate the issues. Dkt 18. This motion is pending before the Court.

During the briefing, the parties continued settlement discussions and agreed to go to mediation with Anne Estevez on May 23, 2022. On April 11, 2022, Christina Katt advised that she had accepted a position at another firm and that the case would be handled by Lisa Ackerman.[1] The parties went to mediation but agreed that a second session would be needed.

The parties scheduled a second mediation for July 20, 2022. Plaintiff received an email from Ms. Ackerman on the afternoon of July 19, 2022, cancelling the mediation. Defendants stated that they believed a short continuance would allow the process to be more productive. Defendants suggested moving the mediation to August. On July 20, 2022, Plaintiff and Ms. Estevez proposed dates to Defendants. Defendants' counsel responded on July 27, 2022, that she was working on getting confirmation from Defendants. After no follow-up email was received, Plaintiff reached out again to determine whether Defendants were still interested in mediating. Defendants did not respond.

On August 12, 2022, Plaintiff sent the letter attached as *Exhibit D* to the Decl. of Bernal, attempting to meet and confer regarding Defendants' belated discovery and non-responsiveness. Again, Defendants did not respond. Accordingly, Plaintiff asks this Court to compel Defendants to respond to Plaintiff's discovery requests.

Similarly, Defendants have not provided their initial disclosures pursuant to Fed. R. Civ. P. 26. This Court stated in its Scheduling Order, "The parties shall exchange their Rule 26(a)(1)

---

[1] On July 20, 2022, Christina A. Katt and Benjamin W. Jonas withdrew their appearances. Dkt. 23.

disclosures by the end of the day on April 11, 2022." Dkt. 15. Plaintiff provided his initial disclosures on April 11, 2022, but to date Defendants have not produced any disclosures.

Thus, Plaintiff requests that Defendants respond to his discovery requests and produce their initial disclosures as required by the Scheduling Order.

## B.     Request for Fees

Should Plaintiff be successful in the motion to compel, he further moves the Court for reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A) provides that if the motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id*.; *see also U.S. v. Gorokhovsky,* 18-CV-590, 2020 WL 5202414, at *4 (E.D. Wis. Sept. 1, 2020), *objections overruled sub nom. U.S. v. Gorokhovsky,* 18-CV-0590-BHL, 2021 WL 3915025 (E.D. Wis. July 14, 2021) (awarding attorney's fees and expenses pursuant to Rule 37(a)(5)(A).); *Davis v. Hannifin*, 13-C-0379, 2013 WL 5739001, at *2 (E.D. Wis. Oct. 22, 2013) (granting the motion to compel discovery and awarding fees and costs).

In bringing this motion, Plaintiff has incurred $3,600 in attorney time. *See* Decl. of Bernal ¶ 6. Plaintiff further expects that he will incur five additional hours in reading and responding to Defendants' opposition – should they oppose the instant motion.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court compel Defendant to respond to Plaintiff's discovery requests and produce their initial disclosures.

Dated: September 7, 2022                           */s/ Ben. J. Slatky*
                                                  Ben J. Slatky

                                                  *Signatures continued below*

**ADEMI LLP**
3620 E. Layton Avenue
Cudahy, WI 53110
Phone: (414) 482-8000
bslatky@ademilaw.com

Alison M. Bernal
Jordan T. Porter
**NYE STIRLING HALE MILLER &
SWEET LLP**
33 West Mission Street, Suite 201
Santa Barbara, California 93101
Phone: (805) 963-2345
alison@nshmlaw.com
jordan@nshmlaw.com

Benjamin J. Sweet
**NYE STIRLING HALE MILLER &
SWEET LLP**
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
Phone: (412) 857-5350
ben@nshmlaw.com

*Attorneys for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I, Ben J. Slatky, hereby certify that the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants this 7th day of September, 2022.

<i>/s/ Ben J. Slatky</i>
Ben J. Slatky