UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KERN WALDEN,
*Individually and on behalf of
all others similarly situated*,

        Plaintiff,

v.

Case No. 21-cv-1116-pp

EYM GROUP INC., *et al.*,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISOVERY (DKT. NO. 24) AND DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS (DKT. NO. 16)**

        The plaintiff filed a complaint seeking injunctive and declaratory relief to bring the defendants' restaurants in compliance with the Americans with Disabilities Act. Dkt. No. 1. On March 18, 2022, the defendants filed a motion to stay proceedings, so that they could have the opportunity to address the alleged ADA violations. Dkt. Nos. 16, 17. The plaintiff opposed the motion, in part because the defendants' proposed plan allegedly does not address all the plaintiff's claims and the plaintiff already had propounded significant discovery. Dkt. No. 18.

        On September 7, 2022, the plaintiff filed a motion to compel discovery after the defendants failed to respond to any discovery requests or make initial disclosures. Dkt. No. 24 at 2. The plaintiff's attorney explains that he attempted to meet and confer but that the defendants had not responded to the

1

request. Id. To date, the defendants have not responded to the motion. The plaintiff has asked that the court immediately issue an order compelling the defendants to respond to the discovery requests and produce their initial disclosures within fourteen days, and to award the plaintiff attorneys' fees. Dkt. No. 30.

The defendants also failed to respond to the plaintiff's Civil Local Rule 7(h) (E.D. Wis.), expedited, non-dispositive motion to reset the remaining scheduling deadlines, dkt. no. 27, which the court granted, dkt. no. 29.

The court is concerned with the defendants' pattern of failing to respond to motions filed in this litigation. The court will deny defendants' motion to stay and grant the plaintiff's motion to compel.

**I.     Defendants' Motion to Stay (Dkt. No. 16)**

A.     The Parties' Briefs

The defendants asked the court to stay the proceedings "as an avenue of addressing the alleged ADA violations raised in the Plaintiff's Complaint through remediation of the specific violations identified and simultaneously modifying [the defendants'] internal practices and procedures so as to sufficiently avoid future discrimination based upon disability in violation of the ADA." Dkt. No. 17 at 1. The defendants argued that if the goal of this lawsuit was injunctive relief, a stay would allow them to provide necessary accommodations to the plaintiff and others in the most expeditious manner while minimizing costs. Id. at 4. They asked for six months to address the ten properties specifically mentioned in the complaint and proposed filing reports

2

at two, four and six months to update the court and the plaintiff regarding their progress. Id. With respect to the four factors that the court considers when imposing a stay, the defendants argued that the litigation is in its early stage, that the plaintiff would not be disadvantaged and that the stay would save the court and the parties time and reduce the burden of litigation. Id. at 5 (citing Feed.Ing BV v. Principle Sols., LLC, No. 14-cv-1241, 2015 WL 13158325, *1 (E.D. Wis. Apr. 21, 2015)).

The plaintiff opposes the motion, arguing that the defendant have met none of the elements that justify a stay. Dkt. No. 18 at 2. The plaintiff argues that a stay would unduly prejudice the plaintiff because the defendants propose to address the barriers at only ten of the defendants' 155 restaurants. Id. The plaintiff points out that the defendants have provided no details about the proposed remediation, the plaintiff already has propounded significant discovery and the stay would complicate issues. Id. The plaintiff argues that the defendants moved for a stay the day after the plaintiff sent the defendants discovery materials. Rather than seeking to address all the alleged violations, the defendants plan to address ten of the 155 restaurants and do not tell the court—or the plaintiff—how they plan to accomplish their remediation. Id. at 5. Finally, the plaintiff asserts that the "half-hearted plan to address some violations at 1/15th of their network will only serve to burden this Court with accessibility litigation from barriers present at the vast majority of the locations in the network." Id. at 7.

3

In their reply, the defendants argued that the case was in the early stages of litigation because the court had recently issued the scheduling order and the plaintiff had only served discovery. Dkt. No. 20 at 2. They argued that there was no prejudice because the proposed remediation would advance the plaintiff's goals more swiftly than the litigation. Id. at 3. The defendants insisted that there was no evidence that any other property is non-compliant. Id. The defendants also argued that a stay would simplify litigation because ten of the properties no longer would be a part of the litigation. Id. Finally, the defendants argued that at stay would reduce the burden of litigation because the court and the parties will spend fewer resources by allowing the defendants to quickly remediate the ten properties. Id. at 4. As the defendants see it, this will avoid having to "argue motion practice regarding ADA exclusions and class certification." Id.

    B.    Analysis

Courts "have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Stone v. I.N.S., 514 U.S. 386, 411 (1995) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). "The proponent of the stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997). In evaluating a motion to stay, courts consider "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will

4

reduce the burden of litigation on the parties and on the court." Grice Eng'g, Inc. v. JG Innovations, Inc., 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted).

The court should have ruled earlier on the motion to stay, but on this record, a stay is not justified. The plaintiff filed the complaint on September 24, 2021, alleging that the defendants own or operate at least 155 Pizza Hut restaurants across five states. Dkt. No. 1 at ¶1. After investigating ten of the facilities, the plaintiff found excessive sloping conditions. Id. at ¶2. The plaintiff alleged that numerous additional facilities are, or have become, inaccessible to individuals in wheelchairs. Id. at ¶4. The plaintiff said it was bringing the suit to remediate all access barriers and modify existing policies to ensure compliance. Id. at ¶5.

With that in mind, the court turns to the first factor: whether the litigation is an early stage. The defendants filed an answer on January 21, 2022, dkt. no. 9, and the parties filed their joint Rule 26(f) report on February 23, 2022, dkt. no. 14. In that report, the plaintiff indicated that he had prepared written requests for production, requests for admission and special interrogatories. Id. at 3. The plaintiff explained that he would be conducting a Rule 30(b)(6) deposition following the initial written discovery. Id. The defendants indicated that they would be conducting discovery of their own. Id. Although the defendants argue it is early in the litigation, they did not request the stay until after the parties had discussed their discovery plan and after the plaintiff had served his first round of discovery. The motion was fully briefed

5

five months before discovery ended but after the deadline for responding to the discovery motions had passed. While the defendants filed the motion relatively early, this factor does not weigh entirely in their favor because the plaintiff spent the time to draft and serve the discovery requests before the defendants moved for the stay.

Second, the court considers whether a stay will unduly prejudice or tactically disadvantage the non-moving party. The court is concerned about putting all discovery on hold while the defendants address only ten of the 155 sites. The defendants argue that there are no known violations at any other sites, but the defendants have not responded to discovery. Perhaps a stay would allow the defendants to revise their internal policies, but there is merit to the argument that the parties need to ascertain the scope of the problem before the defendants can begin to address it. There is a risk of undue prejudice to the plaintiff in delaying this litigation further.

Third, the court determines whether a stay will simplify the issues in question and streamline the trial. The problem with the defendants' argument is that it is purely speculative. The defendants have not provided a concrete plan with a time frame. They propose to file status reports every two months, but without knowing what the defendants plan to do to remediate the issues, neither the court nor the plaintiff have a metric to measure progress. Even if the defendants had a plan for the ten properties identified in the complaint (and had shared it with the court and the plaintiff), a stay would not streamline the pre-trial or trial processes unless it was clear that none of the other 145

6

other properties suffered from the same deficiencies (or similar ones) as those identified in the complaint.

Finally, the court considers whether a stay will reduce the burden of litigation on the parties and on the court. While a stay is in place, the parties arguably save time and money by not engaging in litigation. But the plaintiff has indicated that he won't be satisfied with making improvements at only the ten sites identified, and that the improvements proposed at those sites are, in his view, insufficient. The plaintiff says that he has reason to believe that violations exist at the other 145 properties and that he will press for discovery responses from the defendants. That means that a stay likely will only delay the burden of litigation, not reduce it.

The court will deny the motion to stay proceedings. The court is not persuaded that the stay is in the best interests of the parties, the court or the public.

## II. Plaintiff's Motion to Compel (Dkt. No. 24)

The plaintiff filed his motion under Federal Rule of Civil Procedure 37(a)(3)(B)(iii) and (iv) because the defendants have failed to respond to the plaintiff's interrogatories and requests for production of documents. The plaintiff served discovery on March 7, 2022, then engaged in preliminary settlement talks with the defendants' attorney, Christina Katt. Dkt. No. 26 at 4-5. The parties agreed to go to mediation on May 23, 2022, but Attorney Katt left her firm and Attorney Lisa Ackerman took over as the responsible attorney. Id. at 5. The parties attended mediation and scheduled a second session for July

7

20, 2022. Id. The day before the second session, Attorney Ackerman cancelled and asked for a short continuance. Id. The plaintiff and the mediator proposed additional dates; Attorney Ackerman said she was working on getting confirmation. The plaintiff says, however, that the defendants have not responded to attempts to follow up. Id. The plaintiff sent a letter to Attorney Ackerman on August 12, 2022, asking to meet and confer; she did not respond. Id. To date, the defendants have not responded to the discovery requests or provided their initial disclosures, which were due by the end of the day on April 11, 2022. Id. at 5-6. The plaintiff asks the court to grant his motion to compel, award fees in the amount of $3,600 and award an additional five hours if the defendants oppose the motion. Id. at 6.

The defendants did not respond to the motion to compel even though the plaintiff is seeking fees and costs. Perhaps the defendants assumed they weren't required to respond while their motion to stay was pending. But until now, the court had not ruled on the motion and there was no stay in place at the time the plaintiff filed the motion or at the time the initial disclosures were due. The civil local rules make clear that a non-moving party must respond to a motion within twenty-one days of service of the motion. Civil L.R. 7(b). The rule warns litigants that failure to respond to the motion "may result in the Court deciding the motion without further input from the parties." Id.

The defendants' law firm appears to have experienced some turnover. Attorneys Benjamin Jonas and Christina Katt initially appeared on behalf of the defendants. The plaintiff then worked with Attorney Ackerman, who has

8

not filed a notice of appearance on the docket. Ackerman told the plaintiff she had taken over for Christina Katt. The plaintiff sent the meet-and-confer letter to Ackerman. The plaintiff does not mention Attorney John Loringer, who filed a notice of appearance on behalf of the defendants on July 20, 2022—two months before the plaintiff filed the motion to compel. Dkt. No. 23. In any event, Attorney Loringer received the electronic notice of the motions based on the email he provided on the docket.

When a court grants a party's motion to compel, it also must require the non-moving party to pay the movant's reasonable fees and expenses incurred in filing the motion, including attorneys' fees. See Fed. R. Civ. P. 37(a)(5). The defendants have offered no explanation for their failure to respond to the plaintiff's discovery demands, or for their failure to respond to the motion to compel. The court will grant the motion to compel, and finds that the defendants must pay reasonable fees and expenses incurred by the plaintiff in bringing the motion.

## III. Conclusion

The court **DENIES** the defendants' motion to stay proceedings. Dkt. No. 16.

The court **GRANTS** the plaintiff's motion to compel discovery. Dkt. No. 24.

The court **ORDERS** that the defendants must serve initial disclosures under Fed. R. Civ. P. 26(a), as well as full and complete responses to the plaintiff's interrogatories, requests to admit and requests for production of

9

documents, in time for the plaintiff to *receive* them by the end of the day on **January 23, 2023**.

The court **ORDERS** that by the end of the day on **January 24, 2023**, the plaintiff must file a written notification advising the court whether the defendants complied by the deadline.

The court **AWARDS** the plaintiff $3,600 in attorneys' fees and costs.

Dated in Milwaukee, Wisconsin this 9th day of January, 2023.

                                        **BY THE COURT:**

                                        **HON. PAMELA PEPPER**
                                        **Chief United States District Judge**